UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARIE E. BROWN,

                           Plaintiff,         6:17-cv-06584-MAT

                                                    **DECISION AND ORDER**

       -vs-

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL SECURITY,

                           Defendant.

---

## I. INTRODUCTION

Represented by counsel, Marie E. Brown ("Plaintiff") has brought this action pursuant to Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("Defendant" or "the Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is denied and Defendant's motion is granted.

## II. PROCEDURAL BACKGROUND

On March 19, 2014, Plaintiff protectively filed applications for DIB and SSI, alleging disability beginning March 19, 2014 due to severe depression with psychotic episodes, impulse control disorder, and anxiety disorder. Administrative Transcript ("T.") 52, 144-56, 171.

Plaintiff's applications were initially denied and she timely requested a hearing, which was held before administrative law judge ("ALJ") Barry E. Ryan on July 26, 2016. T. 73-78, 80-82, 35-51.

On September 26, 2016, the ALJ issued an unfavorable decision. T. 10-20. Plaintiff timely requested review by the Appeals Council. T. 142-43. Plaintiff's request for review was denied by the Appeals Council on June 23, 2017, making the ALJ's decision the final decision of the Commissioner. T. 1-6. Plaintiff then timely commenced this action.

### III. THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. § 404.1520(a). Initially, the ALJ found that Plaintiff met the insured status requirements of the Act through December 31, 2015. T. 12. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from March 19, 2014, the alleged onset date. *Id.*

At step two, the ALJ determined that Plaintiff had the severe impairments of depression, generalized anxiety disorder, and bipolar disorder. *Id*. At step three, the ALJ considered Plaintiff's impairments and found that, singly or in combination, they did not meet or medically equal the severity of a listed impairment. T. 13. In particular, the ALJ considered Listings 12.04 and 12.06 in reaching this determination. T. 13-14.

Prior to proceeding to step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to: occasionally

lift or carry fifty pounds; frequently lift or carry twenty-five pounds; sit for six hours in an eight-hour workday; stand for six hours in an eight-hour workday; walk for six-hours in an eight hour workday; understand and follow simple instructions and directions; perform simple tasks with supervision and independently; maintain attention and concentration for simple tasks; regularly attend to a routine and maintain a schedule; relate to and interact with others to the extent necessary to carry out simple tasks, but only occasionally perform work requiring more complex interaction or joint efforts to achieve work goals; have occasional interaction with supervisors, co-workers, and the public; perform in a low-stress work environment, defined as requiring only occasional decision-making and changes in the work setting. T. 15.

At step four, the ALJ determined that Plaintiff was incapable of performing any past relevant work. T. 18. At step five, the ALJ relied on the testimony of a vocational expert to find that, taking into account Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including the representative occupations of laundry laborer, industrial cleaner, and mail clerk. T. 18-20. The ALJ accordingly found that Plaintiff was not disabled as defined in the Act. T. 20.

**IV. DISCUSSION**

**A. Scope of Review**

When considering a claimant's challenge to the decision of the Commissioner denying benefits under the Act, a district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). Although the reviewing court must scrutinize the whole record and examine evidence that supports or detracts from both sides, *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted), "[i]f there is substantial evidence to support the [Commissioner's] determination, it must be upheld." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

In this case, Plaintiff's sole argument is that the ALJ failed to properly consider the opinions of her treating mental health counselor ("MHC") Jaclynn Sardone. For the reasons discussed below, the Court finds this argument without merit.

**B. Consideration of MHC Sardone's Opinions**

MHC Sardone treated Plaintiff beginning in February 2014. T. 314. On March 24, 2014, MHC Sardone completed a Monroe County Department of Human Services Psychological Assessment for Determination of Employability related to Plaintiff. T. 372-76. MHC Sardone opined

-4-

that Plaintiff was very limited (defined as unable to function 25% or more of the time) in her abilities to maintain attention and concentration for rote tasks and perform low stress and simple tasks. T. 374. MHC Sardone stated that she had insufficient data to assess Plaintiff's abilities to follow, understand, and remember simple instructions and directions; perform simple and complex tasks independently; and regularly attend to a routine and maintain a schedule. *Id*.

On May 7, 2014, MHC Sardone completed a Mental Residual Functional Capacity Questionnaire related to Plaintiff, which was cosigned by Dr. Kashinath Patil. T. 314-319. MHC Sardone diagnosed Plaintiff with major depressive disorder, anxiety not otherwise specified, and impulse disorder. T. 314. She stated that Plaintiff needed weekly psychotherapy to reduce the symptoms of depression and to support her in learning to how to cope with anger. *Id*. Plaintiff was not on any medications at that time. *Id*. MHC Sardone opined that Plaintiff's prognosis was fair if she attended therapy. *Id*.

With respect to Plaintiff's functional limitations, MHC Sardone opined that Plaintiff: had no useful ability to function with respect to her abilities to in complete a normal workday and workweek without interruptions from psychologically-based symptoms, ask simple questions or request assistance, accept instructions and respond appropriately to criticism from supervisors, respond appropriately to changes in a routine work setting, deal with normal work stress, interact appropriately with the general public, and maintain socially

appropriate behavior; was unable to meet competitive standards with respect to her abilities to work in coordination with or proximity to others without being unduly distracted, make simple work-related decisions, perform at a consistent pace without an unreasonable number and length of rest periods, get along with co-workers or peers without unduly distracting them, and deal with the stress of semiskilled and skilled work; was seriously limited in her abilities to carry out short and simple instructions, maintain attention for a two-hour segment, be aware of normal hazards and take appropriate precautions, and set realistic goals or make plans independently of others; had a limited by satisfactory ability to sustain an ordinary routine without special supervision; and had limitations in her abilities to maintain regular attendance and be punctual within customary tolerances and adhere to basic standards of neatness. T. 316-17.

On March 12, 2015, MHC Sardone completed another Psychological Assessment for Determination of Employability related to Plaintiff. T. 364-68. Plaintiff's present complaints were depression, anger, and anxiety, and her current medication was Prozac. T. 364-65. MHC Sardone opined that Plaintiff was very limited in her abilities to follow, understand, and remember simple instructions; perform simple and complex tasks independently; maintain attention and concentration for rote tasks; regularly attend to a routine and maintain a schedule; maintain basic standards of hygiene and grooming; and perform low stress and simple tasks. T. 366.

On October 1, 2015, MHC Sardone completed a third Psychological Assessment for Determination of Employability related to Plaintiff. T. 368-70. MHC Sardone opined that Plaintiff was very limited in her abilities to follow, understand, and remember simple instructions; perform simple and complex tasks independently; maintain attention and concentration for rote tasks; regularly attend to a routine and maintain a schedule; maintain basic standards of hygiene and grooming; and perform low stress and simple tasks. T. 370. She further opined that Plaintiff had an inability to be near people without being violent. *Id*.

In his decision, the ALJ considered MHC Sardone's opinions and ultimately afforded them "less weight." T. 17. The ALJ explained that the opinions were inconsistent with MHC Sardone's own treatment notes, which "generally highlighted a cooperative attitude, appropriate behavior, calm motor activity, appropriate speech, logical thought processes, goal directed thought content, an appropriate affect[,] and intact memory." T. 17. The ALJ also noted that the severe restrictions set forth in MHC Sardone's opinions were inconsistent with Plaintiff's self-reported activities of daily living, which included providing extensive childcare, attending appointments, maintaining personal care, driving occasionally, shopping, cleaning, and cooking. *Id*.

The Court finds that the ALJ adequately explained the reasons why he afforded less weight to MHC Sardone's opinions. Mental health counselors are "not an acceptable treating source as defined by the

-7-

Commissioner." *Esteves v. Barnhart*, 492 F. Supp. 2d 275, 281 (W.D.N.Y. 2007). As such, they are considered "'other sources' whose opinions can be considered to evaluate the severity of [an] impairment[] and how it affects [a claimant's] ability to work." *Acevedo v. Astrue*, No. 11 CIV. 8853 JMF JLC, 2012 WL 4377323, at *11 (S.D.N.Y. Sept. 4, 2012) (quotation omitted and alterations in original). An ALJ may reject the opinion of a mental health counselor where it is inconsistent with the claimant's treatment records. *Bulavinetz v. Astrue*, 663 F. Supp. 2d 208, 212 (W.D.N.Y. 2009).

There is ample support in this case for the ALJ's conclusion that MHC Sardone's opinions were inconsistent with her own treatment records. As the ALJ explained, MHC Sardone's treatment records consistently noted that Plaintiff was well-groomed, fully-oriented and cooperative, had good attention and concentration and intact memory, and that her thoughts were logical. *See, e.g.,* T. 286-87, 309-11, 326-36, 340, 345-46, 349-50, 352-55, 358, 362, 417, 423. Moreover, MHC Sardone's treatment notes show that Plaintiff's condition improved when she was compliant with her medication and treatment. For example, on April 9, 2015, MHC Sardone noted that Plaintiff was "taking [her] medication as prescribed" and that she was "less anxious and depressed." T. 349. Similarly, on July 16, 2015, MHC Sardone noted that Plaintiff had made progress and was able to express her anger in a "healthy mature way." T. 353. On November 5, 2015, Plaintiff reported to MHC Sardone that since her medication had been increased, she had been experiencing less mental health symptoms, including

reduced worrying and sadness, fewer conflicts with others, and increased socialization. T. 417. However, MHC Sardone's opinions do not reflect this documented improvement in Plaintiff's functioning. This further supports the ALJ's conclusion that MHC Sardone's opinions were inconsistent with her own treatment records.

The ALJ also correctly noted that the extreme limitations opined to by MHC Sardone were inconsistent with Plaintiff's self-reported activities of daily living. Plaintiff told psychiatric consultative examiner Dr. Kristina Luna that she was able to care for her three children, who were two, nine, and ten at the time of the hearing. T. 49, 278. Plaintiff also told Dr. Luna that she was able to cook, clean, do laundry, and shop. T. 278. The ALJ appropriately concluded that these activities of daily living were inconsistent with the totally disabling limitations identified by MHC Sardone. *See Poupore v. Astrue*, 566 F.3d 303, 307 (2nd Cir. 2009)(claimant's ability to care for one-year-old child, vacuum, wash dishes, occasionally drive, and watch television, read, and use the computer was inconsistent with allegations of totally disability).

Plaintiff's argument that the ALJ erred in crediting the opinions of consultative examiner Dr. Luna and state agency psychological consultant Dr. Inman-Dundon is unavailing. It is well-established that the opinions of consultative examiners and non-examining sources may "override treating sources' opinions, provided they are supported by evidence in the record." *Schisler v. Sullivan*, 3 F.3d 563, 568 (2d Cir. 1993). In this case, the ALJ explained in detail why he found Dr.

Luna and Dr. Inman-Dundon's opinions to be consistent with the record as a whole, and why he did not find MHC Sardone's opinions persuasive.

For the reasons discussed above, the Court finds no error in the ALJ's consideration of the medical opinions of record. As such, there is no basis for reversal of the Commissioner's determination or for remand of this matter.

**V. CONCLUSION**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 9) is denied and the Commissioner's motion for judgment on the pleadings (Docket No. 10) is granted. Plaintiff's complaint is dismissed in its entirety with prejudice. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                        **S/Michael A. Telesca**

                                        _____

                                        HON. MICHAEL A. TELESCA
                                        United States District Judge

Dated:    April 16, 2018
            Rochester, New York